UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHANTILA SOUVANNARATH

VERSUS

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

CIVIL ACTION

No. 25-938-SDD-SDJ

## ORDER

Before the Court is Petitioner's Emergency Motion for Stay of Removal and Expedited Briefing (R. Doc. 3), in which Petitioner Chanthila Souvannarath—proceeding in this Court *pro se*—asserts that he faces imminent deportation and moves that the Court issue a temporary stay of removal preventing U.S. Immigration and Customs Enforcement ("ICE") from transferring or deporting Petitioner during the determination of his habeas petition. He further requests that the Court require an expedited response from Respondents. Respondents have not yet made an appearance in this case.[1]

Though the Court does not tend to issue orders before all parties have had an opportunity to be heard, Petitioner's substantial claim of U.S. citizenship and the irreparable harm that would be caused by immediate deportation warrant temporary intervention in this case, as explained below. And so, the Court issues this limited restraining order to preserve the status quo until all parties can fully present their arguments on a preliminary injunction.[2]

---

[1] The Petition (Doc. 1) was sent via USPS mail, postmarked October 15, 2025; it was received by the Court and filed into the record on October 16. The Amended Petition (Doc. 2) and the instant Motion for Stay of Removal (Doc. 3) were received and filed on October 17, and include a certificate of service to Respondents signed by Petitioner and dated October 15. (Doc. 3 at 6-8).
Kevin Jordan; Field Office Director, ICE Oakdale Field Office; Todd Lyons, Acting Director, ICE; Chief Counsel, OPLA, New Orleans; U.S. Attorney Middle District; Attorney General of the United States

[2] In other words: Petitioner has requested a stay of deportation pending determination of his habeas petition—a preliminary injunction pending a ruling on the merits. The Court now enters a very brief

I.     **Background**

Petitioner was born in a refugee camp in Thailand; he entered the United States and was granted lawful permanent residence before his first birthday. (Doc. 2 at 3). He lived with both parents in Hawaii until their divorce when petitioner was around 8 years old. *Id.* After having lived with his mother in the continental States for some years, Petitioner permanently returned to Hawaii and his father's custody around age 13. *Id.* Petitioner's father was a naturalized U.S. citizen at the time Petitioner was a minor in his sole custody. *Id.* Petitioner asserts that these facts met the requirements for derivative citizenship, and that he has, in fact, been a U.S. citizen since childhood—for over 20 years.[3] *Id.* at 4. Despite his assertion of citizenship, Petitioner was detained by ICE on June 18, 2025, and has been held since then at the ICE detention center at the Louisiana State Penitentiary.[4] Petitioner has been told he "will be placed on the next flight to Laos". *Id.* From detention, Petitioner filed a habeas petition with this Court seeking immediate release and declaration of his citizenship, and the instant emergency motion for stay of deportation.

II.     **Law and Analysis**

    A.     **Ex Parte Order**

Courts rarely grant a TRO ex parte—with input from only one party. Per Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order without notice to the adverse party only when: (1) the movant shows that immediate and

---

temporary restraining order to ensure that Petitioner remains within the Court's jurisdiction at least until the Court can fully consider the broader preliminary injunction.
[3] Under the former Immigration and Nationality Act § 321(a), which was in effect at the time.
[4] The Louisiana State Penitentiary is also known as Angola; the ICE detention center located there is known as Camp 57.

irreparable harm will result before the adverse party can be heard in opposition, and (2) the movant's attorney explains efforts made to give notice or else why notice should not be required. Fed. R. Civ. P. 65(b)(1). Here, Petitioner has provided a certificate of service showing that Respondents have been served with the instant Motion. (Doc. 3 at 6-8). Petitioner has met the requirement to certify his efforts at providing notice.[5] However, because the Court issues this temporary restraining order without awaiting a response from Respondents, it will proceed out of an abundance of caution under the requirements of Rule 65(b).

### B. Temporary Restraining Order

To succeed on a motion for a temporary restraining order, the movant must establish four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citation omitted). Elements three and four merge "when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435-36 (2009).

Petitioner raises a substantial claim that he is a U.S. citizen and thus that he cannot be deported or held in immigration detention. He lays out the legal framework for his derivation of citizenship through his naturalized father and demonstrates how each prong of the requirements was met. This presents serious questions regarding the legality of his detention and imminent deportation.

---

[5] And the requirements as to a showing of immediate and irreparable injury are discussed below.

While Petitioner has not presented the Court with a timeline for his deportation, he has alleged that he has been informed he will be on "the next" plane to Laos. The Court can only conclude that such deportation could happen at any moment absent the Court's intervention. If Petitioner is deported, he will be unable to effectively litigate his case from Laos. Petitioner further cites the inherent and obvious harm in deporting a U.S. citizen. (Doc. 3 at 2).

Finally, a temporary stay of deportation would do little harm to Respondents, who will be able to present opposition to a preliminary injunction and, if they are successful, would only have experienced a short delay in removing Petitioner—a fraction of the months Petitioner has already spent in Respondent's custody. Though the government has an interest in the enforcement of its immigration laws, the potential removal of a U.S. citizen weighs heavily against the public interest.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Motion to Stay Removal and for Expedited Briefing (Doc. 3) is **GRANTED in part**. Rather than a lasting preliminary injunction, the Court now issues this temporary restraining order and briefing schedule **as follows**:

Respondents, their officers, agents, servants, employees, attorneys, and other persons acting on their behalf are immediately prohibited from removing Petitioner Chanthila Souvannarath from the United States and from transferring him out of the jurisdiction of this Court. Unless extended by this Court, this Temporary Restraining Order expires 14 days from its entry. No security bond is required under Federal Rule 65(c) because Respondents face no realistic likelihood of harm from this Order. *J.R. v. Bostock*,

2025 WL 1810210 at *4 (W.D. Wash. 2025) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)).

**Within 10 days of entry of this Order**, Respondents shall file a response to Petitioner's Motion for Preliminary Injunction to stay deportation pending determination of his habeas petition.

Finally, **IT IS ORDERED** that the Clerk's Office shall serve this Order upon Respondents at the addresses contained in Petitioner's Certificate of Service (Doc. 3 at 6-7).

Signed in Baton Rouge, Louisiana, on this 23rd day of October, 2025.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**